BERNI & MURRU, INC., APPELLEE, *v.* STREIFTHAU ET AL., APPELLANTS.

(No. 1206—Decided September 27, 1965.)

*Messrs. Flynn, Py & Kruse* and *Messrs. Casper & Casper,* for appellee.

*Messrs. Elliott & Boyd, Messrs. Levey & Levey* and *Messrs. Holbrock & Jonson,* for appellants.

HOVER, J.  This cause is before the court as an appeal on questions of law and fact from an order of the lower court determining the respective rights of the parties in and to a contract between them concerning certain provisions restricting competition.  As a consequence of the court's finding relative to the contract, an injunction was issued preventing the defendants from operating an alleged swimming pool in connection with their amusement resort, known as "Fantasy Farm."

The matter was considered here on the record of the court below, supplemented by certain additional testimony intended to provide a definition of the exact meaning of the phrase "public swimming pool" and to demonstrate that the structure with which we are here concerned does not come within such a definition.  During the pendency of the action in this court, the in-

junction was modified to permit the use of the facility for aquatic purposes and display other than any use by people.

The question arises by virtue of a contract entered into between the parties whereby the defendants below agreed to forego the ownership or operation of a swimming pool except in conjunction with a motel anywhere within a radius of one hundred miles of the city of Middletown, Ohio. Fantasy Farm and the LeSourdsville Lake Amusement Park of the plaintiff below are adjoining properties. The agreement permitted the use by Fantasy Farm of amusements, games, rides or devices for children under thirteen years of age. The question is whether the structure with which the court is here concerned is an amusement for such persons; but yet not a swimming pool. Although there is a motel on defendants' premises, it is not seriously claimed that the structure in question is a swimming pool operated in conjunction with a motel, as contemplated by the contract. Indeed, defendants deny the structure is a swimming pool, and it is certainly not the type normally found as an adjunct to a motel.

Some description of what has heretofore been referred to as a ''structure'' is necessary. This is a five-sided concrete basin. A depressed portion of it, designed to be filled with water, forms a trapezoid, the parallel sides of which are, respectively, 95 and 59 feet; the other two opposing sides are, respectively, 83 and 75 feet. The depth varies on an incline from zero depth to 44 inches. The evidence shows none of the accouterments frequently found in connection with public swimming pools, such as dressing rooms, diving boards, and similar paraphernalia.

The size, maximum depth and the inclined plane constituting the bottom all make it impossible, however, to logically or properly characterize this facility as a wading pool or as a swimming pool exclusively for children under thirteen years of age. The inclined bottom would obviously make wading very difficult, and the maximum depth would make it impossible, even dangerous, for children to wade in. On the other hand, swimming either by adults or juveniles is entirely possible and appropriate in this structure. It must accordingly be catergorized as a swimming pool as that term is ordinarily understood, and cannot properly be looked upon as an amusement

device for children other than for the purpose of swimming. This is a use of the property foreclosed by the contract.

The court below accordingly, even though on the basis of the more limited record available to it, interpreted the contract correctly, and the plaintiff is entitled to the injunctive relief sought as an incident thereto. The decree of the court below is affirmed as modified by the order of this court under date of June 18, 1964, relative to the use of the structure for other purposes than the accommodation, amusement or use thereof by human beings.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.